# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Prince George Parish of Prince George Winyah, | Civil Action No. 2:19-cv-1302-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| GuideOne Mutual Insurance Company, | |
| Defendant. | |

This matter is before the Court on Plaintiff Prince George Parish of Prince George Winyah's Motion to Reconsider (Dkt. No. 17). For the reasons set forth below, the Court denies the motion.

## I. Background

This case is a coverage dispute regarding litigation arising out of a 2012 schism in the Historic Diocese, originally known as the "Protestant Episcopal Church in the State of South Carolina," in which certain members and parishes sought to dissociate from The Episcopal Church ("TEC"), a nationwide hierarchical church. As alleged, Defendant GuideOne Mutual Insurance Company ("GuideOne") is an insurance company that insures Plaintiff Prince George Parish of Prince George Winyah ("Prince George"). (Dkt. No. 1 at ¶ 9) The insurance policy at issue, Policy Number 001295928, provided coverage for Personal and Advertising Injury (the "Policy"). (*Id.*)

On November 26, 2019, the Court granted Defendants' motion to dismiss for failure to state a claim, holding that the Policy does not cover the claims in the Underlying Action as no damages were sought against Prince George under the definitions in the Policy and therefore there was no possibility of coverage and no duty to defend. (Dkt. No. 15.) Plaintiff now seeks the Court to reconsider that order, arguing that the Court improperly focused on the prayer for relief in the

underlying complaints and incorrectly determined that the underlying complaints did not seek damages. (Dkt. No. 17.)

## II. **Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## III. **Discussion**

Plaintiff has not identified any change in controlling law or any new evidence not previously available. Instead, Plaintiff seemingly argues that the Court's ruling was in clear error based on arguments already considered and rejected by the Court. However, "[a] Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Cooper v. Spartanburg Sch. Dist. Seven*, No. 7:13-CV-00991-JMC, 2016 WL 7474380, at *2 (D.S.C. Dec. 29, 2016), *aff'd sub nom. Cooper v. Spartanburg Cty. Sch. Dist. No 7*, 693 F. App'x 218 (4th Cir. 2017) (citations omitted).

-2-

Regardless, Plaintiff's arguments do not affect the Court's ruling. Plaintiff again focuses on the fact that TEC and The Episcopal Church in South Carolina ("TECSC"), in the underlying complaint, allege that charitable donations were misdirected and that false advertising "damaged" TEC and TECSC. (Dkt. No. 17 at 3.) However, to make out a claim for false advertising a plaintiff must demonstrate that the plaintiff "has been or is likely to be injured" by the false advertisement, *Scotts Co. v. United Indus. Corp.*, 315 F .3d 264, 272 (4th Cir. 2002), and entitlement to an injunction requires a showing of irreparable harm. The underlying complaints, however, never sought any "tort damages," as required for coverage under the Policy, and instead was tailored to seek only equitable relief. Indeed, as acknowledged by Plaintiff, the underlying case only addressed declaratory and injunctive relief, and to hold otherwise here would write the word "damages" and "tort damages" out of the Policy at issue. Plaintiff's newly cited cases, none of which address the duty to defend or an insurance claim, do not affect this analysis.

## IV.     Conclusion

For the reasons above, Defendant's motion for reconsideration (Dkt. No. 17) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 3 , 2020
Charleston, South Carolina